CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 09 2012

JULIA C. DUDLEY, CLERK
BY: /s/ 
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MASSACHUSETTS BAY INSURANCE COMPANY, | ) ) ) | Civil Action No. 7:11-cv-00342 |
| Plaintiff, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| v. | ) ) | |
| BONNIE M. DECKER, | ) ) | By: Samuel G. Wilson |
| Defendant. | ) | United States District Judge |

This is a diversity action by plaintiff Massachusetts Bay Insurance Company ("MBIC"), a New Hampshire company with its principal place of business in Massachusetts, for a declaratory judgment that it is not liable under the terms of its insurance contract with defendant Bonnie M. Decker, a resident of Virginia. Decker has answered and made two counterclaims, one for breach of the insurance contract and another for "bad faith denial" of her insurance claim under Virginia Code § 38.2-209.[1] The matter is currently before the court on MBIC's Rule 12(b)(6) motion to dismiss Decker's bad-faith claim, or, in the alternative, to bifurcate that claim pursuant to Rule 42(b). Decker opposes the motion to dismiss on the ground that Virginia law does not require dismissal, and she opposes bifurcation on the ground that it could lead to duplicative discovery and prolonged proceedings. The court's opinion is that dismissal is not required under these circumstances, but that discovery should be stayed on the issue of bad faith until the underlying contract claims are resolved.[2]

---

[1] "[I]n any civil case in which an insured individual sues his insurer to determine what coverage, if any, exists under his present policy . . . the individual insured shall be entitled to recover from the insurer costs and such reasonable attorney fees as the court may award." § 38.2-209(A).

[2] The court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and oral argument would not aid in the decisional process.

I.

This matter being one largely of procedure, the court will forgo a lengthy explanation of the facts.[3] For the purposes of this opinion, it suffices to say that in January of 2010, Decker procured from MBIC a business-owner's insurance contract on her Clifton Forge, Virginia property. Pursuant to the insurance contract, Decker filed a claim in August of 2010 based on property damage caused by the shifting of a retaining wall on the western edge of the abutting lot. On July 15, 2011, MBIC filed its declaratory judgment action in this court. Decker timely answered and asserted counterclaims for breach of contract and "bad faith denial" of an insurance claim pursuant to § 38.2-209 of the Virginia Code. MBIC then filed the instant motion.

II.

MBIC argues that Decker's bad-faith claim should be dismissed because she has improperly designated it as a separate count when § 38.2-209 does not create an independent cause of action. MBIC argues in the alternative that the claim should be dismissed because the statute requires a prior adjudication that MBIC breached its insurance contract with Decker. Decker responds that a claim under § 38.2-209 does not have to be dismissed prior to any holding as to coverage, and that the court need only delay its consideration of evidence of bad faith until the issue of breach is decided. Decker further argues that the issues of breach and bad faith are intertwined and that bifurcation will therefore result in duplicative discovery. The court's opinion is that Virginia law does not require dismissal of the bad-faith claim, but that the most efficient procedure is to stay discovery on the issue until such time as the underlying contract dispute is decided.

---

[3] The court accepts Decker's factual allegations as true. See Hemi Grp., LLC v. City of N.Y., 130 S. Ct. 983, 986–87 (2010).

There is no independent cause of action in tort for bad faith involving insurance coverage disputes in Virginia. See Botkin v. Donegal Mut. Ins. Co., 5:10cv00077, 2011 U.S. Dist. LEXIS 33668, at *9 (W.D. Va. March 29, 2011) ("Virginia law does not recognize a separate cause of action for bad faith in the context of insurance disputes."); Meccia v. Pioneer Life Ins. Co., Nos. 259-86 & 239-86, 1987 Va. Cir. LEXIS 317 (Va. Cir. Ct. June 5, 1987) ("There is no authority [indicating] that the Virginia Supreme Court would recognize a tort theory of recovery based on bad faith refusal [to honor a claim] in a first party insurance case."). There is, however, a statute-based remedy allowing a court to award attorney's fees and costs if the insurer denies a claim in bad faith. See Va. Code Ann. § 38.2-209 (2007). The statute does not create a cause of action, but is merely a fee-shifting mechanism allowing for an award of costs and fees if "the court determines that the insurer, not acting in good faith, has either denied coverage or failed or refused to make payment to the insured under the policy." Id.; see Styles v. Liberty Mut. Fire Ins. Co., No. 7:06cv00311, 2006 WL 1890104 (W.D. Va. Jul. 7, 2006). In applying this statute, courts have adopted a variety of procedural approaches. Compare U.S. Airways, Inc. v. Commonwealth Ins. Co., No. 03-587, 2004 WL 1094684, at *23–26 (Va. Cir. Ct. May 14, 2004) (stating that "a judgment against the insurer acts as a condition precedent to any claim of bad faith in Virginia" and dismissing U.S. Airways' § 38.2-209 claim), with Wilson v. State Farm, No. CL06-2308, 2009 Va. Cir. LEXIS 143, at *3–8 (Va. Cir. Ct. Dec. 14, 2009) (finding a § 38.2-209 claim premature but merely bifurcating, rather than dismissing, the claim), and Styles, 2006 WL 1890104, at *7–8 (declining to dismiss *or* bifurcate a § 38.2-209 claim).

Irrespective of whether Decker has characterized her § 38.2-209 claim as a separate count or as a remedy accompanying her breach of contract counterclaim, dismissal is not required at this juncture. First, of the five cases MBIC cites in support of dismissal for premature pleading,

only one—U.S. Airways—actually dismissed a bad-faith claim.[4]  U.S. Airways, 2004 WL 1094684, at *9.  And second, whether the claim is set off as a separate count or merely referenced in the prayer for relief, Virginia law undoubtedly gives Decker the right to recover attorney's fees and costs should the court determine that MBIC, acting in bad faith, denied coverage or failed to make a payment under the policy.  It would therefore place form over substance to require dismissal on this ground.  It is that prerequisite, however, that informs the court's opinion that discovery on the issue should be stayed until the underlying dispute is resolved.  Only if the essential contract dispute is decided in Decker's favor must the court proceed to the issue of bad faith, and the factual issues surrounding the former will likely prove to be few and distinct in comparison to the factual issues surrounding the latter.  Staying discovery on the issue of bad faith therefore appears to be expedient.

For these reasons, it is hereby **ORDERED** and **ADJUDGED** that MBIC's motion to dismiss is **DENIED**.  However, discovery on the issue of bad faith is hereby **STAYED** until the underlying contract dispute is resolved.

**ENTER**: this 9th day of January, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[4] In addition, it is not entirely clear that the court in U.S. Airways was dismissing a § 38.2-209 claim for costs and fees as premature or if it was dismissing an independent tort claim of bad faith *improperly grounded on* § 38.2-209.  The issue, according to the court, was "[w]hether U.S. Airways [could] maintain a claim against [the defendant] for breach of the covenant of good faith and fair dealings under Virginia law." U.S. Airways, 2004 WL 1094684, at *3.  As the U.S. Airways court said, "U.S. Airways may rely on § 38.2-209 for recovery of costs and fees, but it cannot *in this current litigation*, claim a *wholly separate cause of action* for bad faith under the policy." Id. at *9 (second emphasis added).